UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

T.P., individually and on behalf of L.N., a child with disability,

              *Plaintiff*,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION,

              *Defendant.*

**COMPLAINT**

Case No.

---

T.P., individually and on behalf of L.N., a child with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3).

2. Plaintiff T.P. and L.N. reside in Bronx County, State of New York.

3. L.N. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401(3)(A).

4. T.P. is the parent of L.N. as defined by IDEA, 20 U.S.C. § 1401(23).

5. Defendant, New York City Department of Education, is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the

fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the Defendant at the Defendant's principal office located at 52 Chambers Street, New York, NY 10007, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND

8. L.N. was born in 2014.

9. L.N. has been classified as a student with autism by Defendant's Committee on Special Education.

10. By due process complaint (DPC) to the Defendant dated March 26, 2021, Plaintiff requested a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

11. The matter was assigned case number 207492.

12. Plaintiff's DPC demanded, *inter alia,* a finding that Defendant did not provide L.N. with a free appropriate public education (FAPE) pursuant to IDEA, during the 2019-2020, and 2020-2021 school years.

13. As relief, Plaintiff's DPC requested, among other things, compensatory educational services in the form of applied behavioral analysis (ABA) therapy at an enhanced rate.

14. The Defendant appointed Brad Rosken as impartial hearing officer (IHO).

15. At no time after the filing of Plaintiff's DPC did Defendant hold a mandated resolution meeting in an attempt to resolve the relief requested in Plaintiff's DPC.

16. IHO Rosken held a hearing on the merits on October 27, 2021, during which Plaintiff entered thirteen (13) exhibits into the record and presented direct testimony from two witnesses to support the claims and relief specified in Plaintiff's DPC.

17. Defendant did not present any witnesses at the October 27, 2021 hearing, nor did Defendant enter any exhibits into the hearing record.

18. On November 17, 2021, IHO Rosken issued a Findings of Fact and Decision (FOFD) finding a denial of FAPE by the Defendant and ordering relief, including 3,680 hours of compensatory ABA services to be funded by Defendant at a rate of up to $155.00 per hour.

19. On May 17, 2022, Plaintiff, through her counsel, submitted a demand for attorneys' fees to Defendant's Office of Legal Services.

20. On May 26, 2022, Defendant advised Plaintiff's counsel via email that the fee demand had been received and that attorney Armelle Hillman had been assigned to the fee claim.

21. As of this Complaint's date, no further substantive communication has been made by Defendant to Plaintiff's counsel to the fee demand.

## FIRST CAUSE OF ACTION

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

23. Plaintiff T.P. having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

24. Plaintiff T.P. initiated an impartial hearing on behalf of her son L.N. under case number 207492.

25. Plaintiff T.P. prevailed at the impartial hearing by obtaining a decision and order from IHO Rosken ordering the relief sought by Plaintiff in her DPC.

26. On May 17, 2022, Plaintiff, through her counsel, submitted a demand for attorney's fees

to Defendant's Office of Legal Services.

27. On May 26, 2022, Defendant advised Plaintiff's counsel via email that the fee demand had been received and that attorney Armelle Hillman had been assigned to the fee claim.

28. Defendant has failed to engage in any further communication with Plaintiff's counsel regarding the demand as of the date of this Complaint.

29. Pursuant to 28 U.S.C. § 1961, Plaintiff seeks postjudgment interest to deter any further delay of payment by Defendant following any judgment.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Award to the Plaintiff costs, expenses and attorneys' fees for the administrative proceeding in case number 207492 pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(3) Award to the Plaintiff the costs, expenses and attorneys' fees for this action pursuant to 20 U.S.C. § 1415; together with postjudgment interest thereupon;

(4) Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
November 3, 2022

Respectfully submitted,

s/ Kevin M. Mendillo
CUDDY LAW FIRM, PLLC
Kevin M. Mendillo
*Attorneys for Plaintiffs*
5693 South Street Road
Auburn, New York 13021
(315) 370-4020