

The Hon. Sylvia O. Hinds-Radix
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Martha Nimmer**
*Special Assistant Corporation Counsel*
Cell: (917) 499-8632

March 24, 2023

**VIA ECF**
Hon. Paul E. Engelmayer
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

       Re: *T.P. v. N.Y.C. Dep't of Education*, 22-cv-9413 (PAE)(RWL)

Dear Judge Engelmayer:

       I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, the Honorable Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.*, as well as for this action.

       I write to respectfully request that Your Honor hold a pre-motion conference on Defendant's request to stay this matter (including the forthcoming briefing schedule) pending the Second Circuit's decision on the Cuddy Law Firm's ("CLF") in tandem appeals, *i.e., H.C. v. N.Y.C. Dep't of Educ.*, 21-cv-1582, or, in the alternative, deem this letter motion a formal motion and stay this matter. Plaintiff does not consent to this request (but has consented to the exact request in another IDEA fees-only case pending before Judge Oetken (*see Y.S. obo. N.Y.C. Dep't of Educ.*, 21-cv-10963 (ECF No. 20)). Notably, earlier today, Magistrate Judge Wang granted the Defendant's request for a stay pending the Circuit's decision in *H.C. See id.* This is the first request to stay the briefing schedule and the case, and poses no prejudice whatsoever to Plaintiff,

as liability is <u>not</u> in dispute. Plaintiff's counsel has indicated that he will separately file his objections our request.[1]

Judicial economy and preservation of the parties' resources would be greatly served by the requested stay. The instant motion for fees implicates several legal issues, including, *inter alia*, attorneys' hourly rates; these issues are fully presented in the nearly 16 identical cases on *in tandem* appeal at the Second Circuit (*see H.C.*, 21-cv-1582) all of which concern judgements on CLF IDEA fees motions. For that reason, Judge Cronan on Wednesday, March 22, 2023, stayed another CLF IDEA fees motion (*Y.S. v. N.Y.C. Dep't of Educ.*, 21-cv-5878 (JPC)), albeit fully briefed:

> This motion implicates a couple of legal issues that are substantively identical to issues that are now pending on appeal before the Second Circuit in a number of appeals that will be heard in tandem. [...]
>
> And let me mention what the two main issues that the Second Circuit may be resolving are. The first issue, to summarize, involves whether a school district's unreasonable protraction of a final resolution of an action or proceedings under the IDEA require a full award of fees sought under the interplay of various sections of 20 U.S. Code 1415(i)(3). [...]
>
> And the second issue involved the appropriate rates that the Cuddy Law Firm should be awarded for its work in these IDEA cases, and that includes what the rate in the prevailing community for its work should be and, in substance, the Cuddy Law Firm is arguing that the range of awards that have been granted in this district is simply too low.
>
> So in the interests of judicial economy and to promote efficient use of the parties' resources, I determine that it is appropriate for me to wait for guidance from the Second Circuit on these issues before addressing them in the pending motion before me.

*See Y.S.*, 21-cv-5878 (March 22, 2023 Tr. at 3). And as noted above, today we received stay of a CLF IDEA fees-motion from Magistrate Judge Wang in *Y.S.*, 21-cv-10963 (ECF No. )("The case is STAYED pending the Second Circuit's decision in 21-cv-1582. The parties shall file a joint status letter within two weeks of the Second Circuit's decision in that case.")

Also strongly supporting the requested stay is an Opinion issued by Judge Gardephe just yesterday, March 23, 2023, which notes that CLF's arguments are recycled over and over again:

---

[1] Your Honor so-ordered the following briefing schedule (ECF No. 12: motions due 4/14/2023, responses due 5/15/23 and replies due 5/22/23).

> Plaintiff objects to Judge Parker's observation that Cuddy lawyers "recycled arguments and exhibits to support [the firm's] claim[s], and for such 'volume work,' there should be an economy of scale that leads to [fewer] hours being expended. . . ." . . . Plaintiffs argue that this conclusion is unfair (1) absent "clear guidance on what [the Cuddy Law Firm] can concisely provide that the courts will accept" as evidence of prevailing rates; and (2) because of the firm's need to "preserve[] the clients' rights" pending appeal. (Pltf. Obj. (Dkt. No. 48) at 23)
>
> *This is nonsense.* Judge Parker's point is that where the Cuddy Law Firm is filing briefs and declarations that are nearly identical to filings it has made in other cases, the hours billed to that activity must reflect that the firm is not doing any original work. And the Cuddy Law Firm has a history of recycling in IDEA fee disputes papers filed in other IDEA fee dispute cases. *See K.O.*, 2022 WL 1689760, at *12 ("Much of the work done on the instant briefing reiterates arguments made by [the Cuddy Law Firm] in other cases.").

*See V.W. v. N.Y.C. Dep't of Educ.*, 21-cv-6495 (PGG)(KHP) (Dkt. No. 46 at 17) (emphasis added). There is no judicial purpose served by allowing yet another CLF fees application to be briefed, and saddling the Court with another motion to decide, without the forthcoming guidance from the Circuit.

Indeed, if granted, the parties will have a far higher likelihood of achieving settlement in this case (and many others) once the Circuit issues the *H.C. et al.* decision, entirely obviating the need for a fee application here. A stay will also prevent CLF from simply churning another set of substantially identical motion papers containing copy-and-paste recycled arguments for the purpose of generating additional billable hours.

Accordingly, Defendant respectfully requests that Your Honor hold a pre-motion conference on Defendant's request to stay the matter, including the forthcoming fees motion (as scheduled at ECF No. 12) pending the Second Circuit's decision in *H.C. et al.*, or, alternatively, issue a stay of this matter and require "the parties to submit a joint letter to [the Court] within two weeks of any Second Circuit appeal resolving a fee petition from the Cuddy Law Firm in an IDEA case." *See* Judge Cronan's Order, Ex. A at 6.

Thank you for considering these requests.

    Respectfully submitted,

               /s/
               Martha Nimmer, Esq.
               Special Assistant Corporation Counsel

cc:   Kevin Mendillo, Esq. (via ECF)

The Court orders plaintiff to file a response letter, if any, by March 29, 2023.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge
March 24, 2023